UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ABRAM LEE JACKSON,            )
                              )
          Petitioner,         )
v.                            )     No. 1:07-cv-1342-DFH-JMS
                              )
THOMAS D. HANLON, Superintendent, )
                              )
          Respondent.         )

**Entry Discussing Petition for Writ of Habeas Corpus**

    Indiana prisoner Abram Jackson ("Jackson") would be entitled to the writ of habeas corpus he seeks with respect to the disciplinary proceeding he challenges only if the court found that he is "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be **denied**.

**Background**

    The pleadings and the expanded record in this action establish the following:

    1.    Jackson is confined at an Indiana prison. In a proceeding identified as No. CIC 07-03-0158, he was found guilty of violating prison rules through his conspiracy to commit trafficking.

    2.    Jackson was provided with a copy of the charge and notified of his procedural rights in connection with the matter. He did not request witnesses, but did request physical evidence described as "video from all visits" and "packages in property from Mom (Mail)." Jackson claims that he also requested at his screening all items "that were confiscated during the investigation." Jackson was to bring the "mail from Mom," which is the only other item he requested at his screening.

    3.    A hearing was conducted on March 23, 2007. Jackson was present and made a statement at the hearing. After considering this statement and the other evidence, the conduct board found Jackson guilty as charged. He was then sanctioned.

4.	Jackson's administrative appeal was denied. The filing of this action followed. Jackson contends that the disciplinary proceeding is tainted by constitutional error. His specific claims are that: (1) he was denied the right to present evidence, including "videotape of any and all visits that occurred between petitioner and his mother"; (2) the conduct board failed to provide a meaningful explanation of its findings; (3) he was denied a hearing before an impartial decision maker; and (4) there was insufficient evidence to support the conduct board's finding of guilt.

## Applicable Law

When a prison disciplinary proceeding results in a sanction that affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive the inmate of good-time credits without ensuring that the credits are not arbitrarily rescinded, and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Jackson was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985) (hereinafter *Hill*).

## Discussion

"The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Jackson received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Jackson was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board and the reviewing authorities issued sufficient statements of their findings, and (3) the conduct board issued written reasons for its decisions and for the sanctions which it imposed. Jackson's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

! Jackson was not denied the right to present evidence. Among the basic requirements of due process in a prison disciplinary proceeding is the opportunity for the inmate to call witnesses and present documentary evidence in his defense. *Wolff v. McDonnell*, 418 U.S. 539 at 566. When Jackson was screened for this

2

offense, he was given the opportunity to request witnesses and evidence.

- Jackson did not request witnesses. He requested physical evidence described as "video from all visits" and "packages in property from Mom (Mail)." Jackson claims that he also requested at his screening all items "that were confiscated during the investigation." Petition at 3. Jackson was to bring the "mail from Mom," which is the only other item he requested at his screening. The "confiscated" items Jackson references were in fact presented to the conduct board as evidence, and he does not claim otherwise.

- Jackson claims that "[n]one of the requested evidence was produced or provided to the petitioner in order to allow him to prepare his defense and adequately defend himself against the allegations." This claim is meritless. Jackson had a copy of the conduct report describing the charges against him. The items he claims were not produced to him were in fact items that had been taken from him, and he made a statement in his defense at the hearing. Jackson had sufficient information to prepare his defense.

- Jackson also claims that he requested "any and all records supporting the allegation that monies were transferred to petioner's (sic) mother (Ms. Wilson) from offenders incarcerated at C.I.F." Petition at 4. Jackson has not provided evidence of this request. Even if he requested such evidence "in a timely manner and in accordance with ADPP policy" as he alleges, however, the failure to produce such evidence (if it exists) is harmless error because Jackson admits that inmates sent money to his mother, who then sent the money to him. See Report of Disciplinary Hearing, Exhibit E.

- Jackson claims that his request for a videotape "of any and all visits that occurred between petitioner and his mother" was denied and that such videotape should have been considered by the Disciplinary Review Manager and Conduct Adjustment Board. The video Jackson requested was not presented to the conduct board because it does not exist and therefore could not be retrieved or viewed. See Video Request Form, Exhibit F. "[T]he due process clause does not demand the impossible of governmental authorities." *Brockert v. Skornicka*, 711 F.2d 1376, 1382 (7th Cir. 1983).

Jackson claims that the conduct board in this case failed to provide "a meaningful explanation of the findings in support of guilt." This claim is baseless. Pursuant to *Hill* and *Wolff*, an offender charged with a disciplinary offense is entitled to a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action. In the Report of Disciplinary Hearing, the conduct board provided Jackson with both a written statement of the evidence relied on and the reason for the disciplinary action. The Report lists "the evidence relied on to reach a decision in this hearing," as staff reports, the offender's statement and physical evidence (specifically "photo album, address book, folders, letters and phone calls on CD/Report of Investigation of Incident, Confidential Case File"). It also states that the conduct board based its decision on its finding that Jackson

3

"did violate code #111/113 on 3/21/07 due to . . . [his] statement, evidence listed & phone calls CD listened to by DHB/Offender & Lay Advocate, Confidential Case File 07 CIC 0025." *Id.* Thus, the conduct report is clear and concise and provides Jackson with the written statement to which he is entitled.

Jackson makes two arguments to support his claim that the conduct board failed to provide a "meaningful explanation of the findings in support of guilt." Neither argument, however, supports his claim for habeas relief. Jackson first contends that the conduct board's findings do not define or explain the contraband at issue in this case. Such a definition or identification is not necessary. In fact, the lack of identification of the contraband being discussed in Jackson's phone conversations is a result of the coded language used by Jackson and his mother when discussing the transactions at issue in this case to prevent others from determining what specific items are being discussed. As the Superintendent of the facility stated in his response to Jackson's appeal:

> The documentation in this case explains that you were talking to and mailing your family in code, that you made references to receiving money from other offenders, and also that there were references to you receiving items from your family during visitation. Common sense would tell anyone that your actions and the actions of your family were an attempt to bring illegal items into the Facility in exchange for payment, and that you were trying to do this without staff finding out what you were doing.

Facility Head Response, Exhibit J.

Jackson next contends that "most of the conversations cited on the conduct report and used as evidence at hearing were dated December 2007, which was still nine (9) months in the future." The investigator who drafted the Report of Investigation of Incident in fact incorrectly listed two of the seven phone calls described therein as occurring in December 2007. This scrivener's error, however, is unrelated to the adequacy of the conduct board's statement provided to Jackson. Significantly, the Report of Investigation contained in the Confidential Case File correctly states the dates of the telephone calls mislabeled in the Report of Investigation of Incident. The conduct board reviewed the Report of Investigation of Incident containing the correct dates prior to rendering its decision. Thus, the conduct board had the correct information before it when it made its decision, and the scrivener's error made by the investigator is harmless. Jackson has failed to show that a scrivener's error in dating two of seven phone calls in the Report of Investigation of Incident affected the outcome of his case. The time frame in which the attempts to traffic occurred in this case is clear from the Report of Investigation in the Confidential Investigative File. As Jackson has not shown that the scrivener's error in the Report of Investigation of Incident had the requisite substantial and injurious effect, his claim must fail.

Jackson was not denied the right to be heard before an impartial decision maker as delineated in *Hill*, 472 U.S. at 454, and *Wolff*, 418 U.S. at 567. Jackson claims that he was denied this right because one of the conduct board members exited the hearing room and

spoke to the "author of the petitioner's conduct report" and Jackson did not have an opportunity to defend himself with regard to "any statements and/or evidence" presented during the conversation. Petition at 4. Jackson has made no allegation or showing of bias on the part of any conduct board member. Jackson was afforded the procedural safeguards to which he is entitled, and his conviction on the offense of attempting to traffic is supported by "some evidence." He was allowed to present documentary evidence consistent with his right to due process, and the conduct board in this case had ample evidence on which to base its decision, including the conduct report, the Report of Investigation of Incident and the Confidential Case File.

Contrary to Jackson's assertions and general complaints about the investigation leading up to his disciplinary charge, there was sufficient evidence in this case for the conduct board to find Jackson guilty as charged.

In deciding the present case, the conduct board relied on staff reports, the offender's statement and physical evidence, including the Report of Investigation of Incident and the Confidential Case File. *Id.* In a prison disciplinary proceeding, a finding of guilt must be supported by at least "some evidence." *Hill*. This standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached" by the conduct board. *Id.* Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* This is a "lenient" standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000)(citing *Hill* and *Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir. 1989)).

A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). The conduct report in this case states that during a review of his phone calls, Offender Jackson and his mother, Pam Wilson, were "heard on numerous occasions planning and discussing the trafficking of contraband into our facility and the monies transferred to Ms. Wilson from offenders incarcerated at CIF." Conduct Report, Exhibit A. This constitutes "some evidence" to find him guilty of attempting to traffic.

In this case, the conduct board also based its decision on other evidence, including Jackson's own statement, in which he claimed: "I have done things for other offenders, they send the money to my mother then she sends the money to me."[1] Report of Disciplinary Hearing, Exhibit E. The evidence reviewed by the conduct board members also included the phone calls referenced in the Conduct Report, the Report of Investigation of Incident and the Confidential Case File. The Report of Investigation of Incident thus documents phone calls that outline an apparent plan for trafficking. In these conversations, Jackson

---

[1] For the first time in his response to the order to show cause, Jackson states that he received money from other offenders after helping them with legal circumstances such as contacting friends or family members.

and his mother discuss both bringing "three little buddies" into the facility and his mother's apparent receipt of money from an offender named Skoma. Jackson admits that he was receiving money from other inmates who sent the money to his mother. While he claims that "trafficking has not been happening," he provides no explanation of legal activity that required him to speak in code and resulted in payment to him by other inmates.

The Conduct Report, Jackson's statement, the Report of Investigation of Incident and the other evidence considered by the conduct board provided sufficient evidence to find Jackson guilty of attempting to traffic. The conduct board was not required to obtain and produce the contraband.

### Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding that entitles Jackson to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions that do not entitle him to relief. Accordingly, he is not entitled to the relief he seeks. His petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 2/19/2009